**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| RED BULL GMBH, a foreign corporation, and RED BULL NORTH AMERICA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> A. Barr Sales, Inc., an Illinois corporation <br><br> Top Shelf Beverage Brands, Inc., an Illinois corporation, <br><br> Defendants. | Civil Action No. |

**COMPLAINT**

Plaintiffs Red Bull GmbH ("**Red Bull AU**") and Red Bull North America, Inc. ("**Red Bull NA**") (collectively, "**Red Bull**"), by its attorneys, allege for their Complaint against Defendants A. Barr Sales, Inc. ("**A. Barr Sales**") and Top Shelf Beverage Brands, Inc. ("**Top Shelf**") (collectively, with A. Barr Sales, the "**Defendants**") the following:

**NATURE OF CASE**

1.      In this action, Red Bull asserts both Federal and State causes of action based on Defendants' infringement of Red Bull's trademarks as follows: (a) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; (b) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (c) trademark dilution in violation of the Lanham Act, 15 U.S.C. 1125(c); (d) deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*; (e) trademark dilution in violation of the Illinois

Trademark Protection and Registration Act, 765 ILCS 1036/65; (f) unfair competition under Illinois common law; and (g) cancellation of a U.S. trademark registration.

## JURISDICTION

2.     The First, Second, Third, and Seventh Claims for Relief arise under the Lanham Act of 1946, as amended, 15 U.S.C §§ 1051 *et seq*. This Court has jurisdiction over these Claims for Relief under 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1131 and 1338(a).

3.     The Fourth, Fifth, and Sixth Claims for Relief arise under Illinois statutory and common law. This Court has jurisdiction over these Claims for Relief under 28 U.S.C. § 1338(b) in that these claims are joined with substantial and related claims brought under the trademark laws (15 U.S.C § 1051 *et seq*.) of the United States. This Court also has jurisdiction over the state law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state law claims.

## VENUE

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and § 1391(c) because Defendants are subject to personal jurisdiction in this district.

5.     Upon Red Bull's information and belief, Defendants are residents of this district and promote, advertise, distribute and/or sell their products, in this district.

## PARTIES

6.     Plaintiff Red Bull AU is a company organized and existing under the laws of Austria with an address of Am Brunnen 1, Fuschl am See, 5330 Austria. Red Bull AU offers

various goods and services, most notably energy drinks, throughout many countries of the world, including the United States, and sponsors numerous sports and entertainment-related events.

7.      Plaintiff Red Bull AU offers its goods and services in the United States through its wholly owned subsidiary Red Bull NA, a corporation organized under the laws of California, with an address of 1740 Stewart Street, Santa Monica, California 90404.

8.      Red Bull, upon information and belief, alleges that Defendant A. Barr Sales is a company organized under the laws of the State of Illinois, with a principal place of business located at 8130 47th Street, Lyons, Illinois 60534.  Upon further information and belief, Defendant A. Barr Sales' agent for service of process in Illinois is Shirley A. Funk with an address at 9721 W. 57th Street, Countryside, Illinois 60525.

9.      Red Bull, upon information and belief, alleges that Defendant Top Shelf is a company organized under the laws of the State of Illinois, with a principal place of business located at 816 Hilberry Court, LaGrange, Illinois 60525.  Upon further information and belief, Defendant Top Shelf's registered agent for service of process in Illinois is Alan L. Garrow, of the law firm Nealis & Garrow, with an address of 510 S. Batavia Avenue, Batavia, Illinois 60510.

## **FACTUAL BACKGROUND**

10.      The Red Bull energy drink is the No. 1 selling energy drink, both in the United States and globally, and is available in over 159 countries.  In 2011 alone, approximately 4.6 billion cans were sold worldwide and 1.65 billion cans were sold in the United States.  Since 1996 when the Red Bull energy drink made its first appearance in the United States, Red Bull has continuously used its RED BULL word mark, a distinctive design on its cans and promotions consisting of a blue and silver alternating panel design ("**Red Bull Blue/Silver Design**"), and a composite mark consisting of images of two bulls in the center of the Red Bull Blue/Silver

3

Design with the words RED BULL above the bull design and the words ENERGY DRINK below the bull design in red lettering. See Exhibit A.  The above identified Red Bull marks are collectively referred to as the "**Red Bull Marks**."

11.     Red Bull has expended vast resources in the development, promotion, and protection of the Red Bull Marks.  Indeed, Red Bull has invested millions of dollars promoting the Red Bull Marks and products and services offered in connection with the Red Bull Marks, including energy drinks in the United States. For example, in 2011 alone, Red Bull spent approximately $ 386.2 million in marketing expenses in the United States. The public is exposed to the Red Bull Marks on cans, on clothing and other merchandise (e.g., coolers, tents and umbrellas), on television, in print media, on the Internet (including on various social media websites such as Facebook where Red Bull has more than 29 million fans, and YouTube where Red Bull videos have received more than 102.9 million views), at sporting and cultural events organized and/or sponsored by Red Bull (e.g., on Formula One race cars and at Red Bull New York soccer games at Red Bull Arena in New York) and through numerous other means.

12.     Since their adoption, the Red Bull Marks have been highly distinctive in connection with energy drinks.  Due to the strong, distinctive nature of the Red Bull Marks, and Red Bull's extensive investment in promoting and protecting such marks, the public recognizes and uniquely associates the Red Bull Marks with Red Bull.

13.     Red Bull engages in and controls the exclusive use of the Red Bull Marks in connection with its goods and services.

14.     Red Bull's significant sales, extensive advertising campaigns, vast customer base, and widespread use of the Red Bull Marks, among other factors, have made the Red Bull Marks famous within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  In the

eyes of the public, Red Bull has acquired and enjoys extensive goodwill and a valuable reputation through its Red Bull Marks.

15. While Red Bull has extensive common law rights in the Red Bull Marks, Red Bull also protects its rights in the Red Bull Marks through federal registrations and enforcement of such marks.

16. Red Bull owns multiple U.S. trademark registrations for its Red Bull Marks in connection with energy drinks, as well as other goods and services, including U.S. Registration Nos. 3,092,197, 3,479,607 and 4,130,437. Copies of these Certificates of Registration are included in Exhibit B.

17. Red Bull recently learned that Defendants currently use the REBEL word mark above the words ENERGY DRINK placed over a blue and silver alternating panel design, as further described below, (the "**Infringing REBEL Mark**") in connection with energy drinks, (the "**Infringing REBEL Product**"). <u>See</u> Exhibit C. The terms RED BULL and REBEL are similar in both appearance and sound as they are both composed of two syllables, both start with the letters "R" and "E" and end with the letter "L," and RED BULL includes only two additional letters "D" and "U." Further, Defendants have adopted a blue and silver alternating panel design which is strikingly similar to the Red Bull Blue/Silver Design. Moreover, just as the RED BULL word mark is used in a red text centered across the Red Bull Blue/Silver Design, Defendants use the REBEL mark in a red text centered across a similar blue and silver alternating panel design, closely mimicking the arrangement and color scheme of the Red Bull Marks.

18. Defendants' Infringing REBEL Mark is confusingly similar to the Red Bull Marks in sound, appearance, and commercial impression. Defendants' advertising, promotion, distribution and sale of the Infringing REBEL Product create a false suggestion of association,

affiliation, or connection between Red Bull and the Defendants. In addition to the similarity between the Red Bull Marks and the Infringing REBEL Mark in appearance, sound and commercial impression, the marks are used in connection with identical goods, namely, energy drinks.

19. Also, Defendants are promoting the Infringing REBEL Product through use of infringing promotional materials that include, among other things, the Infringing REBEL Mark, and Red Bull indicia including photos of multiple cases of Red Bull energy drink cans featuring the Red Bull Marks (the "**Infringing Rebel Promotional Material**"). See Exhibit D. The use of the Infringing Rebel Promotional Materials further infringes Red Bull's trademark rights and increases the likelihood of confusion among consumers. Given Red Bull's renown in the energy drink field and Defendants' prominent and intentional use of Red Bull indicia, consumers viewing the Infringing REBEL Product, featuring the Infringing REBEL Mark, are likely to be confused into thinking that Red Bull is now offering or is otherwise associated with the Infringing REBEL Product.

20. Moreover, Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material to advertise, promote and sell goods identical to those Red Bull offers is likely to dilute the Red Bull Marks by weakening the association between such marks and Red Bull's own energy drinks, as well as its other products and services.

21. Defendant Top Shelf obtained a federal trademark registration at the U.S. Patent and Trademark Office for the mark REBEL ENERGY – DRINK FIGHT FATIGUE REVIVE SPIRIT & Design for use with "energy drinks" (Registration No. 3,472,721) ("**Rebel Registration**") which prominently features the Infringing Rebel Mark. See Exhibit E. Upon information and belief, Red Bull alleges that Defendants adopted the Infringing REBEL Mark

and the Infringing Rebel Promotional Material in bad faith and are using the same with the intention of causing confusion with the Red Bull Marks and trading on Red Bull's strong reputation and goodwill.

22.    The Red Bull Marks were famous and had acquired widespread recognition on a nationwide and global level long before Defendants began use of the Infringing REBEL Mark and long before Defendants commenced use of the Infringing Rebel Promotional Material.

**COUNT 1**

**Federal Trademark Infringement Under**

**_15 U.S.C. § 1114(1)_**

23.    Red Bull incorporates by reference paragraphs 1 through 22 in support of this count.

24.    Red Bull AU owns U.S. Registration Nos. 3,092,197, 3,479,607 and 4,130,437 for the RED BULL word mark, the composite mark on the front of Red Bull's energy drink can and the Red Bull Blue/Silver Design, and such registrations are valid and enforceable.

25.    The Infringing REBEL Mark is confusingly similar to the Red Bull Marks in appearance, sound, and commercial impression.

26.    Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material in connection with the advertising, promotion, distribution and sale of energy drinks is likely to cause confusion or mistake with the RED BULL Marks, or to deceive as to source, affiliation, or sponsorship with Red Bull, in violation of the Lanham Act, 15, U.S.C. § 1114.

27.    Red Bull has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

28.     Defendants' acts have been committed with knowledge of Red Bull's exclusive rights and goodwill in the Red Bull Marks and upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

29.     As a result of Defendants' trademark infringement, Defendants have caused, and will continue to cause, irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks for which Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 2

### Federal Unfair Competition Under

### *15 U.S.C. § 1125(a)*

30.     Red Bull incorporates by reference paragraphs 1 through 29 in support of this count.

31.     Red Bull has common law and federal trademark rights in its Red Bull Marks, which are uniquely associated with Red Bull as a source of goods and services offered in connection with the Red Bull Marks.

32.     The Infringing REBEL Mark is confusingly similar to the Red Bull Marks in appearance, sound, and commercial impression.

33.     Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material in connection with the advertising, promotion, distribution and sale of energy drinks is likely to cause confusion or mistake with the RED BULL Marks, or to deceive as to source, affiliation, connection, association, or sponsorship of Defendants with Red Bull, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

34.     Defendants' use of marks which are confusingly similar to the Red Bull Marks in commerce constitutes unfair competition and Red Bull has been, and will continue to be, damaged by Defendants' acts in an amount to be determined at trial.

35.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

36.     Defendants' acts of unfair competition have caused, and will continue to cause, irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks, for which Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 3

## Federal Trademark Dilution Under

### *15 U.S.C. § 1125(c)*

37.     Red Bull incorporates by reference paragraphs 1 through 36 in support of this count.

38.     Red Bull has common law and federal trademark rights in its Red Bull Marks, which are uniquely associated with Red Bull as a source of the goods and services offered in connection with the Red Bull Marks.

39.     The Red Bull Marks are highly distinctive in connection with the goods and services offered under such marks, including energy drinks.

40.     The Red Bull Marks are widely recognized by the general consuming public of the United States as a designation of source for Red Bull's goods and services and are famous within the meaning of 15 U.S.C. § 1125(c).

41.     The Red Bull Marks were famous, within the meaning of 15 U.S.C. § 1125(c), before Defendants began use of the Infringing REBEL Mark and before their use of the

9

Infringing Rebel Promotional Material. Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material in commerce in connection with the advertising, promotion, distribution and sale of energy drinks is likely create an association with the Red Bull Marks, impair the distinctiveness of the famous Red Bull Marks, and cause dilution by blurring of the Red Bull Marks in violation of the Lanham Act, 15 U.S.C. § 1125(c).

42.     Red Bull has been, and will continue to be, damaged by Defendants' acts causing dilution of the Red Bull Marks in an amount to be determined at trial.

43.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

44.     Defendants' acts in violation of Lanham Act, 15 U.S.C. § 1125(c) have caused, and will continue to cause, irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks, for which  Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 4

## Deceptive Trade Practices Under the Uniform Deceptive Trade Practices Act,

## 815 ILCS 510

45.     Red Bull incorporates by reference paragraphs 1 through 44 in support of this count.

46.     Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material in commerce in connection with the advertising, promotion, distribution and sale of energy drinks causes a likelihood of confusion or of misunderstanding as to source, sponsorship,

approval, and/or certification of the Infringing REBEL Product and as to Defendants' affiliation, connection, and/or association with or certification by Red Bull.

47.     Such acts constitute deceptive trade practices in the course of Defendants' business in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*

48.     Red Bull has been, and will continue to be, damaged by Defendants' deceptive trade practices in an amount to be determined at trial.

49.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith and Defendants have acted with willful, deliberate intent to trade on Red Bull's reputation and benefit from the extensive goodwill associated therewith.

50.     Defendants have engaged in unlawful and unfair business practices that have harmed and will continue to harm the goodwill associated with the Red Bull Marks and Red Bull's business, reputation, and goodwill.

51.     Defendants' acts in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510 *et seq.* have caused, and will continue to cause, irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks, for which Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 5

### Trademark Dilution and Injury to Business Reputation Under the Illinois Trademark Registration and Protection Act, *765 ILCS 1036/65*

52.     Red Bull incorporates by reference paragraphs 1 through 51 in support of this count.

53.     Red Bull has common law and federal trademark rights in its Red Bull Marks, which are uniquely associated with Red Bull as a source of goods and services offered in connection with the Red Bull Marks.

54.     The Red Bull Marks are highly distinctive in connection with the goods and services offered under such marks, including energy drinks.

55.     The Red Bull Marks are widely recognized by the general consuming public of Illinois as a designation of source for Red Bull's goods and services.

56.     The Red Bull Marks are famous in Illinois and were famous before Defendants began use of the Infringing REBEL Mark and before their use of the Infringing Promotional Material in commerce.

57.     Red Bull has sponsored a number of events in Illinois, including, but not limited to, chariot races at the University of Illinois, a snowboarding event in Galena, IL, titled "Red Bull Butter Cup," a Red Bull Music Academy music workshop in Chicago, IL and an event titled "Red Bull Flugtag" where teams of everyday people build homemade flying machines and pilot them off a 30-foot deck in hopes of achieving flight, among other events.  Red Bull has also promoted its Red Bull Marks on television, the Internet, in print media, in colleges and bars, and through many other means in Illinois.  Products offered under the Red Bull Marks are available in restaurants, bars, grocery stores, and liquor stores across the state.

58.     Defendants' use of the Infringing REBEL Mark in connection with the Infringing REBEL Product and their use of the Infringing Promotional Material in commerce lessen the capacity of the Red Bull Marks to identify and distinguish its goods or services.

59.     Defendants' commercial use of the Infringing REBEL Mark in connection with the Infringing REBEL Product and their use of the Infringing Rebel Promotional Material causes

12

dilution of the distinctive quality of the Red Bull Marks in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65.

60.     Red Bull has been, and will continue to be, damaged by Defendants' acts that cause dilution of the Red Bull Marks in an amount to be determined at trial.

61.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

62.     Defendants' acts in violation of the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 have caused, and will continue to cause irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks, for which Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 6

### Unfair Competition Under Illinois Common Law

63.     Red Bull incorporates by reference paragraphs 1 through 62 in support of this count.

64.     Red Bull has common law and federal trademark rights in its Red Bull Marks, which are uniquely associated with Red Bull as a source of goods and services offered in connection with the Red Bull Marks.

65.     Defendants' use of the Infringing REBEL Mark and Infringing Rebel Promotional Material in commerce in connection with the advertising, promotion, distribution and sale of energy drinks is likely to cause confusion or mistake with the RED BULL Marks, or to deceive as to source, affiliation, connection, association, or sponsorship with respect to Red Bull, in violation of the common law of unfair competition of various states, including Illinois.

66.     Red Bull has been, and will continue to be, damaged by Defendants' infringement and acts of unfair competition in an amount to be determined at trial.

67.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

68.     Defendants' acts of unfair competition have caused, and will continue to cause irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks for which Red Bull has no adequate remedy at law. Thus, Red Bull is entitled to injunctive relief.

## COUNT 7

### Cancellation of U.S. Registration for REBEL

69.     Red Bull incorporates by reference paragraphs 1 through 68 in support of this count.

70.     Defendant Top Shelf owns the Rebel Registration which prominently features the Infringing REBEL Mark. The Rebel Registration is less than five (5) years old.

71.     The Rebel Registration is likely to cause confusion with the Red Bull Marks.

72.     Upon information and belief, Defendant Top Shelf registered the Rebel Registration in bad faith with the intent to use such mark (and variations thereof) to trade on Red Bull's strong reputation and goodwill.

73.     Red Bull has used the Red Bull Marks continuously in commerce since as early as 1996 and the Red Bull marks were famous before the date that Top Shelf purports to have first used the mark in the Rebel Registration.

74.     Defendant Top Shelf's Rebel Registration has caused, and will continue to cause, irreparable harm to Red Bull and the goodwill associated with the Red Bull Marks and Red Bull

14

will be damaged by the continued registration of the Rebel Registration.  Thus, Red Bull requests that it be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Red Bull respectfully requests that this Court:

a.  Enter a judgment against Defendants on all counts.

b.  Preliminarily and permanently enjoin Defendants from directly or indirectly engaging in any further trademark infringement, trademark dilution, unfair competition, or deceptive trade practices against Red Bull or aiding, abetting, encouraging, or inducing another to do any of the acts herein enjoined.

c.  Order an accounting and for Defendants to pay over to Red Bull:

   i.  All monetary gains, profits, and advantages derived by Defendants from the acts complained of herein;

   ii.  Damages incurred by Red Bull, including enhanced damages (up to treble damages) as authorized by 15 U.S.C. § 1117;

   iii.  Punitive and exemplary damages to be determined by the Court after a full hearing on the merits; and

   iv.  Red Bull's costs and disbursements in this action, including reasonable attorneys' fees and prejudgment interest.

d.  Require Defendants to deliver to Red Bull any and all labels, packaging, advertising, signage, promotional material, and any other materials bearing infringing or deceptively similar marks in Defendants' possession or under its control, that are subject to the injunctive order of this Court.

e.  Cancel the Rebel Registration in connection with energy drinks, which is substantially

and confusingly similar to the Red Bull Marks.

    f.   Award Red Bull any other or further relief that this Court may deem just or appropriate.

Respectfully Submitted,

Dated: <u>September 25 , 2012</u>

          <u>_s/ David C. Van Dyke_              </u>
David C. Van Dyke (#6204705)
Howard & Howard Attorneys PLLC
200 South Michigan Ave. Suite 1100
Chicago IL 60604
Telephone: (312) 372-4000
Facsimile: (312) 939-5617
Email: dvd@h2law.com

Raymond A. Kurz
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5600
Facsimile:  (202) 637-5910
*Of Counsel*

          Attorneys for Plaintiffs
RED BULL GMBH and
RED BULL NORTH AMERICA, INC.

16